IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

MICHAEL A. TIER, :
:
              Plaintiff, : Civil No. 12-cv-4408-RBK-KMW
:
  v. :
:
EQUIFAX INFORMATION SYSTEMS, L.L.C., : **OPINION**
and DOMINION VIRGINIA POWER t/a :
DOMINION ELECTRIC, :
              Defendants :
 :

---

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Dominion Virginia Power ("Virginia Power") to dismiss the Complaint of Michael A. Tier ("Plaintiff") for lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. Plaintiff asserts claims against Virginia Power for violations of the Fair Credit Reporting Act ("FCRA").[1] Specifically, Plaintiff claims that Virginia Power furnished inaccurate credit history information to third parties when it reported Plaintiff's alleged failure to timely pay electricity bills. Compl. ¶7-10. Because the Court finds that Plaintiff has failed to establish personal jurisdiction, Virginia Power's motion to dismiss is granted.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff formerly resided in Virginia, where he received home electricity services from Virginia Power. Pl.'s Br. at 1. Plaintiff subsequently moved from Virginia to New Jersey, at

---

[1] Plaintiff originally filed claims against Virginia Power and Equifax Information Systems, L.L.C. ("Equifax"). On March 26, 2013, Equifax and Plaintiff settled. Therefore, Virginia Power is the only remaining defendant in the case.

which time he requested that Virginia Power discontinue electricity service for his previous residence in Virginia. *Id*. However, Virginia Power continued to bill Plaintiff for service after this request was made, which Plaintiff disputed with the company. *Id*. Since the disputed bill remained unpaid, Virginia Power reported Plaintiff to credit reporting agencies for lack of payment. *Id*.

Plaintiff later applied to refinance his home in New Jersey. *Id*. Citing Plaintiff's credit report, which included the negative information about his account with Virginia Power, the prospective lender offered a loan at a higher rate than would otherwise be given. *Id*. at 2. Plaintiff speculates that other creditors may also have reviewed his credit report and made similar negative determinations about Plaintiff's creditworthiness. Comp. ¶12. As a result, Plaintiff contacted each of the three major credit reporting agencies to dispute the unpaid electricity bills. Pl.'s Br. at 2. While TransUnion and Experian agreed to remove the information from Plaintiff's credit report, Equifax refused. *Id*. This refusal led to the instant lawsuit, filed on July 13, 2012.

Plaintiff contends that he has suffered damages as the result of misreported information remaining on his credit report for an extended period of time, and he seeks redress under the Fair Credit Reporting Act. Compl. ¶¶1, 12; *See also* 15 U.S.C. §1681 *et seq*. These damages include monetary losses from being denied credit, loss of credit and loan opportunities, and excessive interest charges. *Id*. ¶13.

Now pending before the Court is Virginia Power's motion to dismiss Plaintiff's claims for lack of personal jurisdiction, or alternatively, for failure to state a claim upon which relief can be granted. Virginia Power submits an affidavit in support of its contention that this Court lacks personal jurisdiction. Virginia Power asserts that its principal place of business and place of

2

incorporation are Virginia. Marget Aff. ¶4. The company similarly claims that it is not qualified to do business in New Jersey, derives no revenue from New Jersey, and has neither property nor offices in New Jersey. *Id*. ¶5-6. Alternatively, Virginia Power claims that even if there is personal jurisdiction, Plaintiff's claim fails because he did not meet the FCRA requirement of notifying a consumer reporting agency of the dispute before filing suit directly against the party that furnished the alleged inaccurate information. Def.'s Br. at 14.

## II. LEGAL STANDARD

On a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing such jurisdiction. *Mellon Bank (East) P.S.F.S. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). When the factual record contains only pleadings and affidavits, this burden involves merely establishing a prima facie case that personal jurisdiction exists over the defendant. *Fiscus v. Combus Finance AG*, No. 03-1328, 2006 WL 1722607 at *3 (D.N.J. June 20, 2006). To make a showing that personal jurisdiction is proper, the plaintiff must produce competent evidence for the Court to evaluate. *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d. Cir. 2008) (discussing Fed. R. Civ. P 12(b)(2)). The Court will consider any relevant documents, but constrains its analysis to those that are provided by the Plaintiff for the Court's review. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 64 (3d Cir. 1984). Further, for purposes of deciding the motion, the Court accepts as true the factual allegations stated within the complaint. *Dayhoff*, 86 F.3d at 1302.

Sitting in New Jersey, the Court may exercise personal jurisdiction over an out of state defendant only to the extent authorized by the state's long arm statute. Fed. R. Civ. P. 4(k)(1)(A). The New Jersey statute, however, is "intended to extend as far as is constitutionally permissible." *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir. 1981). Thus, the

3

Court applies general principles of federal constitutional law to decide whether it may exercise jurisdiction over Virginia Power.

The exercise of personal jurisdiction over a non-resident defendant depends upon whether that defendant has established "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In particular, when a defendant establishes such minimum contacts, the Court may exercise so-called "specific personal jurisdiction" over that defendant for claims arising out of those contacts. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 149 (3d Cir. 1992). In determining whether specific personal jurisdiction exists in a given claim, the principal inquiry is whether the defendant, by some affirmative act, has "purposely avail[ed] itself of the privilege of conducting activities within the forum state." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d. Cir. 1993) (quoting *Hanson v. Denckla*, 357 U.S., 235, 253 (1958)).

Alternatively, a court may exercise "general personal jurisdiction" over a defendant that has "maintained systematic and continuous contacts within the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.8 (1984)). If a defendant maintains this level of contact with the forum state, personal jurisdiction will lie regardless of the claim's subject matter.

## III.   DISCUSSION AND ANALYSIS

Plaintiff has not established that Virginia Power has the necessary "minimum contacts" with New Jersey for the Court to find specific jurisdiction. Plaintiff alleges that Virginia Power, along with Dominion Resources, Inc. ("Dominion"), serves as a parent company to Dominion

Energy Solutions ("DES"), which operates an electricity business in New Jersey. Pl.'s Br. at 4. DES is licensed in New Jersey, where it solicits business and earns revenue from supplying electricity. *Id*. Plaintiff argues that by virtue of Virginia Power's status as DES's parent company, the contacts of DES with New Jersey suffice to establish personal jurisdiction over Virginia Power as well. *Id*. at 5. Plaintiff does not allege that Virginia Power has any independent contacts with New Jersey related to this matter.

Although Plaintiff alleges that the Virginia Power 10-K (Pl.'s Br., Ex. A) and DES advertising to its New Jersey customers (Pl.'s Br., Ex. B) establish that Virginia Power is the parent of DES, review of these documents suggests otherwise. The Virginia Power 10-K clearly states that "Dominion's operations are conducted through various subsidiaries, including Virginia Power." Pl.'s Br., Ex. A at 19. Thus, Virginia Power is a subsidiary of Dominion. In addition, DES advertising states: "Our parent, Dominion Resources, Inc., is a Fortune 200 company…" Pl.'s Br., Ex. B at 2. This suggests that DES is also a subsidiary of Dominion, making DES and Virginia Power sister companies. The documents provided do not establish that Virginia Power and DES have a parent/subsidiary relationship.

The contacts that establish specific jurisdiction over one company cannot be imputed to its sister company simply by virtue of their corporate relationship. *See Decker v. Circus Circus Hotel*, 49 F.Supp.2d 743, 747 (D.N.J. 1999) (declining to exercise specific personal jurisdiction over a casino-hotel with no contacts with New Jersey, other than a sister corporation that filed a gaming license application in New Jersey). Courts cannot substitute the status of one corporate entity for another absent a showing that the relationship of control is so close that their separate existence is a "mere sham." *Culbreth v. Amosa (Pty) Ltd.*, 898 F.2d 13, 14-15 (3d Cir. 1990). It is only if one corporation "…acted robot-or puppet-like in mechanical response to the

5

controller's tugs on its strings or pressure on its buttons" that the two can be treated as one and the same for jurisdictional or liability purposes. *Id*. In this case, there is no indication that DES and Virginia Power's independence is simply a "mere sham," or that the entities enjoy a "puppet-like relationship." There is no evidence that Virginia Power has any control over the day-to-day operations of DES, or that it has any control of the business decisions that DES makes. The companies operate as wholly separate businesses in separate states, with the only apparent link being the identity of their parent company, Dominion.

Plaintiff's only remaining argument for personal jurisdiction is that the companies share the same President, Vice President, and Chief Financial Officer.[2] Pl.'s Br. at 4. However, the mere presence of shared management officers is not enough to assume that entities with shared ownership are functionally the same for jurisdictional purposes. *See Seltzer v. I.C. Optics, Ltd.*, 339 F.Supp.2d 601, 610 (D.N.J. 2004) (quoting *United States v. Bestfoods*, 524 U.S. 51, 69 (1998) ("…directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership")). Plaintiff has presented no evidence that these officers control the two companies as one. Plaintiff has not met the burden of showing that Virginia Power and DES operate as the same entity. Consequently, the contacts of DES with New Jersey cannot be imputed to Virginia Power for the purposes of establishing personal jurisdiction.

Even if Plaintiff's assertion that DES is a subsidiary of Virginia Power were accurate, the contacts of a subsidiary with a jurisdiction cannot automatically be imputed to its parent. *Lucas v. Gulf & W. Indus.*, 666 F.2d 800, 805-06 (3d Cir. 1981) ("a foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a

---

[2] Although Plaintiff indicates that DES and Virginia Power share management officers, the record provides no support for this assertion. However, the Court will accept Plaintiff's factual allegations as true.

subsidiary doing business in the state."), *abrogated on other grounds by* EF Operating Corp. v. Am. Bldgs*., 993 F.2d 1046 (3d Cir. 1993). The jurisdictional contacts of a parent can only be imputed to a subsidiary when the subsidiary is functionally the alter ego of the parent. *Id.* at 806. Factors that can be considered in corporate alter ego analysis include: (a) whether the parent would otherwise perform the business of the subsidiary, (b) whether the parent and subsidiary are commonly owned, (c) whether there is financial dependency, and (d) whether the parent interferes with the subsidiary's personnel, disregards the corporate formalities, and/or controls the subsidiary's marketing and operational policies. *Dewey v. Volkswagen AG*, 558 F.Supp.2d 505, 513 (D.N.J. 2008).

In this case, there is not sufficient evidence to conclude that DES is simply the "alter ego" of Virginia Power. Although Plaintiff alleges that the two companies share management officers, consideration of the majority of the factors militates against finding that Virginia Power is Dominion's alter ego. Dominion is solely licensed to supply power in Virginia and North Carolina. Pl.'s Br. Ex. A at 19. Therefore, Dominion does not have the ability to perform DES's business, since DES is only licensed to supply power in New Jersey. Pl. Reply Br. at 4. In addition, there is no evidence that either company is financially dependent on the other or that Virginia Power interferes with the management and operation of DES in any way. Thus, even assuming *arguendo* that DES is Virginia Power's subsidiary, there is no basis for imputing DES's specific jurisdiction to Virginia Power.

It is also clear that Virginia Power does not have the sort of "systematic and continuous" contacts with New Jersey that would give rise to general jurisdiction. Virginia Power is a citizen of Virginia, since it is a Virginia corporation with its principal place of Business in Virginia. Marget Aff. ¶4. The company is not licensed to conduct business in New Jersey, owns no

7

property in New Jersey, has no employees in New Jersey, and does not earn revenue from operations in New Jersey. *Id*. ¶5-6. There is simply no evidence or even allegation made by Plaintiff that Virginia Power has any independent contacts with the state of New Jersey that would give rise to general personal jurisdiction over the corporation. Since neither specific nor general personal jurisdiction is present, the Court must grant Virginia Power's motion to dismiss for lack of personal jurisdiction.

## IV. CONCLUSION

For the reasons stated above, Virginia Power's motion to dismiss Plaintiff's claim for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) is GRANTED. An appropriate order shall issue today.


Dated: 7/23/2013 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge